IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WMS, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-00078 |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY and ROBERT | § | |
| ROTEN d/b/a ROTEN & COMPANY | § | |
| INSURANCE, | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the lawsuit captioned *WMS, LLC v. Allied Property and Casualty Insurance Company and Robert Roten d/b/a Roten & Company Insurance*; Cause No. 2016CI20128, in the 224th Judicial District Court, Bexar County, Texas.

## I.
## INTRODUCTION

1.      This lawsuit arises out of an insurance claim for hail damage to a commercial property owned by Plaintiff WMS, LLC ("WMS"). Allied removes this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the properly joined parties. Robert Roten d/b/a Roten & Company Insurance ("Roten"), the sole non-diverse defendant, has been improperly joined. As such, Roten's citizenship should be disregarded and all claims against him should be dismissed.

## II.
## BACKGROUND

2.      WMS is a Texas limited liability company that owns the commercial property at issue, which is located at 5203 Eisenhauer Road in San Antonio, Bexar County, Texas ("Property").[1] Allied issued a commercial property policy, Policy No. ACP BPRC7273372434 ("Policy"), to WMS that generally covers the building located on the Property.[2]

3.      Plaintiff initiated the present action by filing its Original Petition in Cause Number 2016CI20128 in the 224th Judicial District Court of Bexar County, Texas on November 18, 2016 ("State Court Action").[3] According to Plaintiff's Original Petition, Plaintiff procured insurance on the Property in 2008 through its agent, Roten.[4] The Property was damaged by a wind/hail storm on or about April 12, 2016 ("Loss").[5] Plaintiff filed an insurance claim under the Policy with Allied for damages to the Property caused by the storm.[6] When the parties were unable to agree on the amount of loss, Plaintiff invoked the appraisal provision of the Policy.[7] An appraisal award was issued in October 2016, and Allied paid the award after deducting for prior payments.[8] Because the Policy did not cover the canopy, Allied did not pay the part of the award concerning the canopy.[9]

4.      Plaintiff further alleges that on or about February 7, 2011, Plaintiff leased the convenience store and gas pumps to Eisenhauer Retail, Inc. ("Eisenhauer") for a term of twenty

---

[1]      *See* Exhibit A, Plaintiff's Original Petition at p. 1.

[2]      *Id.* at pp. 2-3.

[3]      *See id.*

[4]      *Id.* at p. 3.

[5]      *Id.* at p. 4.

[6]      *Id.*

[7]      *Id.*

[8]      *Id.*

[9]      *Id.*

years.[10] Eisenhauer obtained insurance under its own policy with Allied that specifically covered the gas pump canopy, and filed a claim for damage to the canopy arising from the April 12, 2016 weather event.[11] Allied paid for the damage to the canopy under Eisenhauer's policy.[12]

5.      In its Original Petition, WMS alleges causes of action against Allied for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. WMS also alleges a cause of action for negligence against Roten related to Roten's procurement of Plaintiff's policy with Allied.

6.      This Notice of Removal is filed within 30 days of receipt of other paper from which it was first ascertained that the case is one that is removable, namely Defendant Roten's Original Answer that asserted the affirmative defense of statute of limitations.[13] Therefore, removal is timely under 28 U.S.C. § 1446.

7.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allied will give written notice of the removal to WMS through its attorney of record, as well as to the clerk of the 224th Judicial District Court of Bexar County, Texas.

8.      Obtaining consent from improperly joined parties for the removal of a case to federal court is not necessary.[14]

---

[10]   *Id.* at p. 3.

[11]   *Id.* at p. 4.

[12]   *Id.*

[13]   *See* Exhibit B, Defendant Roten's Original Answer; *see also Soin v. JPMorgan Chase Bank*, No. H-12-2766, 2012 WL 6018746 (S.D. Tex. Nov. 29, 2012) (holding that the matter had been prematurely removed because the purportedly improperly joined defendant had not yet asserted the affirmative defense of statute of limitations such that the removing party could not establish that there was no possibility the plaintiff could recovery in a state-court action against the non-diverse defendant).

[14]   *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

## III.
## JURISDICTION

9.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[15]

10.     Pursuant to 28 U.S.C. § 1332(c)(1), WMS is a citizen of the State of Texas. WMS is a Texas limited liability company and maintains its principal place of business in Texas.

11.     Pursuant to 28 U.S.C. § 1332(c)(1), Allied is a citizen of the State of Iowa. Allied is organized under the laws of Iowa and maintains its principal place of business in Iowa.

12.     Complete diversity exists as between WMS and Allied.

13.     Roten resides in Texas. However, Roten's citizenship should be disregarded as he has been improperly joined to this action.

14.     A defendant is improperly joined if the moving party establishes that: (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[16] Because Roten is non-diverse, only the latter option is relevant.

15.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[17] If the assertion of improper joinder is based on the existence of an affirmative defense and the defendant establishes the existence of an affirmative defense to plaintiff's state law claims,

---

[15]   *See* Exhibit A, Plaintiff's Original Petition at p. 1 ("Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00").

[16]   *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[17]   *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.2d 568, 573 (5th Cir. 2004)).

"it necessarily follows that joinder was fraudulent, and the district court properly exercise[s] its removal jurisdiction."[18]

16.    Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[19] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claim.[20]

**A.    Plaintiff's claims against Roten are barred by statute of limitations.**

17.    Plaintiff's allegations against Roten are not plausible because Plaintiff's claims are barred by the affirmative defense of statute of limitations, which Roten has pled.[21] Plaintiff has alleged a single cause of action against Roten – negligence in procuring Plaintiff's policy with Allied.[22] Claims for negligent procurement have a two-year statute of limitations.[23] A cause of action based on negligent procurement accrues when the policy is issued.[24] An insured has a duty to read the policy and is charged with knowledge of the policy's terms and conditions.[25] Thus, when the

---

[18]    *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996); *see also Parkway Imaging Ctr., Inc. v. Home Life Fin. Assurance Corp.*, 198 F.3d 240, 2012 WL 824441, at *6 (5th Cir. Sept. 27, 1999); *Soin*, 2012 WL 6018746, at *2.

[19]    *Id.*

[20]    *Int'l Energy Ventures*, 818 F.3d at 200-08.

[21]    *See* Exhibit B, Defendant Roten's Original Answer at ¶ 8.

[22]    *See* Exhibit A, Plaintiff's Original Petition at pp. 12-13.

[23]    *See* Tex. Civ. Prac. & Rem. Code § 16.003; *see also Mauskar v. Hardgrove*, No. 14-02-00756-CV, 2003 WL 21403464, at *3 (Tex. App. – Houston [14th Dist.] June 19, 2013, no pet.).

[24]    *Rangel v. Progressive County Mut. Ins. Co.*, 333 S.W.3d 265, 269 (Tex. App. – El Pase 2010); *see also Mauskar*, 2003 WL 21403464, at *3; *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 890398, at *16 (S.D. Tex March 30, 2009); *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 748 (W.D. Tex. 2015).

[25]    *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App. – El Paso 1999, no pet.); *Amarco Petroleum, Inc. v. Tex. Pac. Indem. Co.*, 889 S.W.2d 695, 699 (Tex. App. – Houston [14th Dist.] 1994, writ denied).

insured receives the written policy, he has sufficient facts in his possession to seek a legal remedy based on an alleged misrepresentation.[26]

18.     The discovery rule does not apply in such cases because the nature of the injury is not inherently undiscoverable.[27] An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite the claimant's due diligence.[28] Here, the injury was not inherently undiscoverable because Plaintiff could have easily discovered its injury by reading the policy.[29]

19.     In its Original Petition, Plaintiff alleges that Roten first procured the policy in 2008.[30] Moreover, Plaintiff alleges that Roten misrepresented the coverage to Plaintiff's lienholder on or about April 11, 2014.[31] Therefore, Plaintiff's cause of action against Roten, at the latest, accrued on or about April 11, 2014, which was more than two years prior to Plaintiff filing the instant suit on November 18, 2016. Since Plaintiff's claims against Roten are barred by the two-year statute of limitations, Plaintiff has no plausible right to relief against Roten. Therefore, Roten has been improperly joined to this case, and his citizenship should be disregarded.

## IV.
## CONCLUSION

20.     Plaintiff cannot establish a reasonable basis on which to recover on its claim against Roten because Plaintiff's claims against Roten are barred by the statute of limitations. Accordingly, Allied asks that the Court find that Roten was improperly joined and dismiss Plaintiff's claims

---

[26]   *Steadfast Ins. Co.*, 2009 WL 890398, at *16; *Mauskar*, 2003 WL 21403464, at *3.

[27]   *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).

[28]   *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996).

[29]   *Mauskar*, 2003 WL 21403464, at *4; *see also Sabine Towing & Transp. Co., Inc. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 62-63 (Tex. App. – Texarkana 2001) (holding that the insured's failure to discover its lack of coverage did not save it from being barred by limitations).

[30]   *See* Exhibit A, Plaintiff's Original Petition at p. 12.

[31]   *Id.* at p. 3.

against Roten. This Court has original jurisdiction pursuant to 28 U.S.C. §1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, PREMISES CONSIDERED, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail return receipt requested on this 2nd day of February, 2017, to the following:

F. Blake Dietzmann                                    ***9414 7266 9904 2061 9247 64***
Rick Gonzales
Law Office of F. Blake Dietzmann
2317 N. Main
San Antonio, Texas 78212

Thomas A. Culpepper                                  ***9414 7266 9904 2061 9247 71***
Stephen C. Richman
Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832


                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp