

# Notice of Service of Process

null / ALL
Transmittal Number: 15917071
Date Processed: 11/28/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property and Casualty Insurance Company |
| **Title of Action:** | WMS, LLC vs. Allied Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2016-CI-20128 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/28/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Law Office of F. Biake Dietzmann<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**DEFENDANT'S EXHIBIT A**

CERTIFIED MAIL #70151660000043826807   **Case Number: 2016-CI-20128**

2016CI20128   S00001

**WMS LLC**
*Plaintiff*
vs.
**ALLIED PROPERTY AND CASUALTY INSURANCE**
*Defendant*

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 18th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST DAY OF NOVEMBER A.D., 2016.

PETITION

FLOYD BLAKE DIETZMANN
ATTORNEY FOR PLAINTIFF
2317 N MAIN AVE
SAN ANTONIO, TX 78212-3448



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu*, Deputy

---

Officer's Return

Came to hand on the 21st day of November 2016, A.D., at 11:12 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20____, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu*, Deputy

ORIGINAL (DK003)

FILED
11/18/2016 3:36:53 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

Case 5:17-cv-00078-DAE   Document 1-1   Filed 02/02/17   Page 3 of 19

2 CITSCML WJD SAC 3

CAUSE NO. **2016CI20128**

| | | |
|---|---|---|
| WMS, LLC | § | IN THE DISTRICT COURT |
| | § | |
| | § | **224TH** |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ALLIED PROPERTY AND CASUALTY INSURANCE | § | |
| COMPANY AND ROBERT ROTEN d/b/a | § | |
| ROTEN & COMPANY INSURANCE | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, WMS, LLC ("WMS"), and files this Original Petition against ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY ("ALLIED"), and ROBERT ROTEN d/b/a ROTEN & COMPANY INSURANCE ("ROTEN"), and in support thereof, would show as follows:

### I. DISCOVERY LEVEL:

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. CLAIM FOR RELIEF:

Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00. *{Tex. R. Civ. P. 47(c)(4)}*

### III. VENUE:

Venue is appropriate in Bexar County, Texas because all or part of the causes of action occurred in Bexar County, Texas, and the Plaintiff and property, which is the subject of this suit, are located in Bexar County, Texas.

### IV. PARTIES:

Plaintiff, WMS, is a Texas Limited Liability Company, and owner of a shopping center/strip mall located at 5203 Eisenhauer Rd., in San Antonio, Texas.

1

Defendant, ALLIED, is a foreign property and casualty insurance carrier that provides insurance coverage in the State of Texas. Defendant ALLIED, may be served with process by serving its Registered Agent, *Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 by Certified Mail Return Receipt Requested*.

Defendant, ROTEN, is an individual residing in Bexar County, San Antonio, Texas. ROTEN is an independent insurance agent d/b/a, Roten & Company Insurance, in San Antonio, Texas, and authorized to engage in the business of insurance in the State of Texas, and may be served with process of service, by certified mail, return receipt requested, at the following address: **1383 E. Bitters Road, Suite 2, San Antonio, Texas 78216.**

### V. AGENCY & RESPONDEAT SUPERIOR:

Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### VI. NATURE OF THE CASE; RELIEF SOUGHT:

This suit is brought against Defendant, ALLIED, pursuant to the common law of good faith and fair dealings as well as for breach of an insurance contract, violations of the Texas Deceptive Trade Practices Act, and violations of Chapters 541 and 542 of the Texas Insurance Code.

This suit is brought against Defendant, ROTEN, for Negligence and Negligent Misrepresentation of an Insurance Policy.

Plaintiff, WMS, seeks a declaration that its entire property, located at 5203 Eisenhauer Rd, San Antonio, Texas, and its consequential losses are covered under the policy of insurance

issued by Defendant, ALLIED, with policy number ACP BPRC7273372434. Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest.

### VII. BACKGROUND FACTS:

1. Plaintiff, WMS, owns a shopping center/strip center, including a convenience store and gas station, located at 5203 Eisenhauer Rd. San Antonio, Texas 78218, ("Building").

2. Plaintiff, WMS's, entire Building, has always been insured by Defendant, ROTEN, since the building was constructed in 2008 under a Businessowners Policy.

3. On or about 4/11/2014, Defendant, ROTEN, sent to Plaintiff's lienholder, Prosperity Bank, an ACCORD-EVIDENCE OF PROPERTY INSURANCE, which stated,

   > COVERAGE INFORMATION
   > COVERAGE/PERILS/FORMS
   >
   > FIRE, EXTENDED COVERAGE & VANDALISM on Buildings, Pumps & Canopy

4. On or about 2/07/2011, Plaintiff, WMS, leased the convenience store with gas pumps, to Eisenhauer Retail, Inc. for a term of (20) years. The lease agreement under **XI. INSURANCE**, expressly states,

   > 11.1 (a) "**Lessor, WMS, at its sole cost and expense**, and **without contribution** or reimbursement **by Lessee**, keep the **Building** and all **furniture, furnishings, fixtures, equipment** and **other personal property, on in or appurtenant to the Property**, or used in connection with the operation and maintenance of the Property, and all replacements, alterations and additions of or to the foregoing **insured for the benefit of Lessor and Lessee** (and any mortgage of the Property) **as their respective interests may appear**, against **all risk of loss** or damage, including loss or damage by fire and other perils included within the classification **"ALL Risks of Physical Loss"**, vandalism and malicious mischief, collapse, lightning, **windstorm, hail,** explosion, smoke and water damage and against such other risks as are normally or customarily insured against by owners or operators of similar properties or as Lessor may from time to time reasonably request, and containing a Replacement Cost endorsement." *(emphasis added).*

5. The lease agreement further states, under **XI. INSURANCE**, 11.1 (b),

   > 11.1 (b)   "**Lessee** shall at **Lessee's expense**, provide **commercial general liability insurance**, written on an occurrence basis, protecting and indemnifying Lessor, Lessee, any mortgagee and others having an insurable interest, against any and all claims.............
   >
   > **Lessee** shall also at **Lessee's expense** maintain **insurance against** loss or damage against **Lessee's inventory, fixtures,** and **equipment** at its replacement cost." *(emphasis added).*

6. On or about 4/12/2016, Plaintiff's building, located at 5203 Eisenhauer Rd, San Antonio, Texas, sustained extensive damages, resulting from a wind/hail storm and Plaintiff promptly reported the damages to Defendant, ALLIED, who assigned Claim Number 7842124819PE16041251, for Plaintiff's claim.

7. On or about 4/23/2016, Defendant, ALLIED's, adjuster, Jason Kobrin, inspected and estimated the total damages to be $328,633.66 (RCV). Defendant, ALLIED, paid $0 for the covered damages to Plaintiff's gas pump canopy.

8. On or about 6/21/2016, Plaintiff's counsel, demanded appraisal pursuant to the "Appraisal Provision" in the ALLIED policy of insurance.

9. On or about 8/29/2016, unbeknownst to Plaintiff, Plaintiff's Tenant submitted a claim to Defendant, ALLIED, for damages to Plaintiff's gas pump canopy, resulting from the 4/12/2016 hail storm, who is also Tenant's insurer. Defendant, ALLIED, assigned Claim Number: 7842131481PE16041251 to Tenant's claim under Tenant's policy number: ACP BPR07273372602.

10. On or about 9/9/2016, unbeknownst to Plaintiff, Defendant, ALLIED, paid Tenant $104,309.03 for hail damages to Plaintiff's canopy, under Tenant's policy with Defendant, ALLIED. Said check was made payable solely to Tenant.

11. On or about 10/6/2016, the Appraisal Umpire issued his appraisal award in the total RCV amount of $1,037,043.80. The difference between Defendant, ALLIED's, original payment that was supposedly based on Defendant, ALLIED's complete and thorough investigation was over $700,000.00.

12. On or about October 20, 2016, Defendant, ALLIED, paid approximately, $507,000, after deductions, including a deduction of $148,000.00 for Plaintiff's gas pump canopy. Defendant, ALLIED's, letter stated, *"we have already informed our appraiser representative, Mr. Bill Dunn, that our insured's Policy does not provide coverage for this Gas Station Canopy"*.

### VIII.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant, ALLIED, has failed and refused to pay the Plaintiff a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which it was entitled. This denial, and others, were wrong, improper, and made knowingly.

### IX. CLAIMS AGAINST ALLIED

**BREACH OF CONTRACT:** Defendant, ALLIED, breached the contract of insurance by (1) failing to pay policy benefits to the Plaintiff for all the covered losses (2) failing to conduct a thorough investigation of Plaintiff's Buildings (3) failing to fully comply with the Appraisal Provision and (4) failing to fully pay the October 6, 2016 Appraisal Award.

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. According to the insurance policy that Plaintiff purchased, Defendant, ALLIED, has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind/hail storm. As a result of an April 2016, wind/hail storm and/or ensuing losses from the April 2016 wind/hail storm, both of which are covered perils under the Policy, Plaintiff's Building has been damaged.

Defendant, ALLIED's, failure and refusal, as described above, to pay for all of the covered damages as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, as well as Defendant, ALLIED's, failure to comply with the terms and conditions of the policy, constitute breaches of Defendant, ALLIED's, contract with Plaintiff. As a result of Defendant, ALLIED's breach of contract, Plaintiff has suffered the damages described herein and is entitled to attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

### X. Cause of Action for Violation of Section 542 of Texas Insurance Code

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action.

Defendant, ALLIED's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.

Defendant, ALLIED, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's losses, beginning the investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. Defendant, ALLIED's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Defendant, ALLIED, failed to accept or deny Plaintiff's full and entire loss within the time period mandated by statute. Defendant, ALLIED's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendant, ALLIED, failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim for damages to Plaintiff's Gas Pump Canopy, longer than allowed and, to date, Plaintiff has not received full payment for its entire claim for the damages to his Building, resulting from the April 12, 2016 hail storm. Defendant, ALLIED's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

Defendant, ALLIED, forced Plaintiff to file this lawsuit by offering substantially less than the amount of covered damages and/or denying the loss in violation of Tex. Ins. Code Sec. 542.003(b)(5).

In addition, in the event it is determined that Defendant, ALLIED owes Plaintiff any additional monies on Plaintiff's claim, then Defendant, ALLIED have automatically violated Section 542 in this case.

### XI. CAUSE OF ACTION FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action. By its acts, omissions, failures and conduct, Defendant, ALLIED, has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a thorough, proper and reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant, ALLIED, has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant, ALLIED, knew or should have known that it was reasonably clear that the claim was covered. When Defendant, ALLIED, and its agents engaged in the acts and omissions stated in this petition and visited and inspected Plaintiff's Building, in connection with Plaintiff's property damage, Defendant, ALLIED, knew or should have known that Plaintiff had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policy. Defendant, ALLIED, also knew there was substantial covered loss, that would require substantial monies to be paid by ALLIED. Nonetheless, Defendants, ALLIED, denied, delayed, and failed to pay and properly investigate some or all of Plaintiff's covered losses with no reasonable basis. Defendant, ALLIED, has failed to act promptly or to conduct a good faith investigation, as evidenced by the May 13, 2016 estimate in the RCV amount of $328,633.66 for all of Plaintiff's damages and the October 6, 2016 Appraisal Award in the RCV amount of $1,037,043.80, which was approximately (3) times Defendant, ALLIED's, assessment. These acts, omissions, failures, and conduct of Defendant, ALLIED, constitute a breach of its common law duty of good faith and fair dealing' i.e., it is acting in "bad faith", are unconscionable bad acts, and are the proximate cause of Plaintiff's damages.

Moreover, Defendant, ALLIED, has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damages to its Building as a result of Defendant, ALLIED's, acts and omissions and Defendant, ALLIED, is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

### XII. CAUSE OF ACTION FOR UNFAIR INSURANCE PRACTICES

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant, ALLIED, under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant, ALLIED, engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant, ALLIED's, unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's Building on which liability had become reasonably clear. They further include Defendant, ALLIED's, failure to give Plaintiff the benefit of the doubt. Defendant, ALLIED's, violations of Chapter 541 of the Texas Insurance Code, include, but are not limited to, the following unfair insurance practices:

Defendant, ALLIED's, conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

Defendant, ALLIED, has failed or unreasonably delayed to explain the reasons for its failure to pay Plaintiff's loss. Defendant, ALLIED, has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

Defendant, ALLIED's, unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, as evidenced by the May 13, 2016 estimate in the RCV amount of $328,633.66 for all of Plaintiff's damages and the October 6, 2016 Appraisal Award in the RCV amount of $1,037,043.80, which was approximately (3) times Defendant, ALLIED's, assessment. Tex. Ins. Code §541.060(a)(1).

Defendant, ALLIED's, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ALLIED's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

Defendant, ALLIED's, unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

Defendant, ALLIED, refused to fully compensate Plaintiff under the terms of the policy and Defendant, ALLIED failed to conduct a reasonable investigation. Defendant, ALLIED, performed inadequate and outcome-oriented investigations of Plaintiff's losses, which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses, with the purpose to create a false pretext for Defendant, ALLIED, to underpay the covered loss, as evidenced as evidenced

9

by the May 13, 2016 estimate in the RCV amount of $328,633.66 for all of Plaintiff's damages and the October 6, 2016 Appraisal Award in the RCV amount of $1,037,043.80, which was approximately (3) times Defendant, ALLIED's, assessment. This conduct constitutes an unfair method of competition and an unfair and deceptive act or practice in violation of Tex. Ins. Code Sec. 541.060(a)(7).

Defendant, ALLIED's, unfair settlement practice, as described above, of failing to handle or process the Plaintiff's claim in good faith; is in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988).

Defendant, ALLIED's, conduct was irresponsible, unconscionable, a violation of the Texas Insurance Code and took advantage of Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree.

From and after the time Plaintiff's claim was presented to Defendant, ALLIED, the liability of Defendant, ALLIED, to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant, ALLIED, has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant, ALLIED's, conduct constitutes a breach of the common law duty of good faith and fair dealing.

Where statements were made by Defendant, ALLIED, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts, omissions, were done "knowingly" as that term is used in the Texas Insurance Code, entitling Plaintiff to seek treble damages pursuant to the Texas Insurance Code.

Defendant, ALLIED, has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty incurred as a result of these violations.

### XIII. DTPA VIOLATIONS – ALLIED

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant, ALLIED, under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant, ALLIED, pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendant. Specifically, Defendant, ALLIED's violations of the DTPA include, without limitation, the following:

Defendants, ALLIED's intentional/knowing acts, omissions, failures, and conduct that are described in this petition, Defendant, ALLIED, has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's hail claim, as evidenced by Defendant, ALLIED's, May 13, 2016 estimate in the RCV amount of $328,633.66 for all of Plaintiff's damages and the October 6, 2016 Appraisal Award in the RCV amount of $1,037,043.80, which was approximately (3) times Defendant, ALLIED's, assessment and Defendant, ALLIED's, failure to give Plaintiff the benefit of the doubt. In addition, Defendant, ALLIED, has violated the DTPA by its failure to pay for the proper repair to Plaintiff's Building, for the damages resulting from the April 2016 hail storm.

As described in this petition, Defendant, ALLIED, represented to Plaintiff that its insurance policy and its adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

11

Furthermore, as described in this petition, Defendant, ALLIED, represented to Plaintiff that its insurance policy, its adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA.

### XIV. NEGLIGENCE- ROTEN

Defendant, ROTEN, is liable for Negligence to Plaintiff for failing to use reasonable care to carry out duties which were owed to the Plaintiff. Defendant, ROTEN, failed to use reasonable diligence in obtaining the adequate insurance coverage requested by Plaintiff to protect its property more specifically, Defendant, ROTEN, negligently failed to procure coverage for Plaintiff's canopy above the gas pumps, despite, Defendant, ROTEN's, representation to Plaintiff that all Plaintiff's property was covered under Defendant, ALLIED's policy of insurance, policy number: ACP BPRC7273372434. As stated above, Defendant, ROTEN, has been Plaintiff's exclusive insurance agent for this Building, and Defendant, ALLIED, has been Plaintiff's insurance company, which includes a convenience store with gas pumps, since 2008, when the Building was constructed. Prior to Defendant, ROTEN, binding coverage for said Building, Plaintiff met with Defendant, ROTEN, to make sure the Building along with the canopy and gas pumps were covered, since Plaintiff's Mortgagee, Prosperity Bank, required same. Plaintiff at all times believed that it's Building, Pumps, & Canopy had been covered since 2008, as evidenced by the ACORD – EVIDENCE OF PROPERTY INSURANCE form that was submitted to Prosperity Bank. Unbeknownst to Plaintiff, Defendant, ROTEN, had also negligently procured property insurance coverage for Plaintiff's gas station canopy with Defendant, ALLIED, under policy number: ACP BPRCO7273372602. The negligently procured policy by Defendant, ROTEN, listed the Name Insured as, EISENHAUER RETAIL, INC. – Dba SHELL EXPRESS 2, Plaintiff's Tenant, as evidenced by ALLIED estimate dated 9/1/2016 and check dated 9/9/2016 in the amount of $104,309.03, made payable solely to Eisenhauer Retail, Inc. dba Shell Express 2, for the hail

12

damages to Plaintiff's canopy.   As a result of Defendant, ROTEN's, negligence, Plaintiff's claim for the damages to its property, resulting from the April 12, 2016 hail storm, was not fully nor properly paid by Defendant, ALLIED.

Defendant, ALLIED, specifically denied coverage for Plaintiff's canopy which was severely damaged by the hail storm.  Defendant, ROTEN, was negligent in misrepresenting the lease terms and conditions to Defendant, ALLIED, which resulted in Plaintiff's damages to the canopy being denied.

As described above, Defendant, ALLIED, deducted approximately $148,000 for the gas station canopy from the 10/6/2016 Appraisal Award.    As a result, of Defendant, ROTEN's negligence, Plaintiff has suffered the damages that are described in this petition.

## XV. KNOWLEDGE

All of the above-described acts, omissions, and failures of Defendant, ALLIED, were a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant, ALLIED, were done "knowingly" as that term used in the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

## XVI. CONDITIONS PRECEDENT:

All conditions precedent for Plaintiff to recover under the policy has been or will be met. All notices of loss were timely and properly given to Defendant, ALLIED, in such manner as to fully comply with the terms and conditions of the relevant insurance policy or other contracts and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requests, Defendant waived them. Defendant is estopped from asserting them, and/or the Plaintiff substantially complied with them, or is excused. Plaintiff makes the same allegation of waiver or estoppel, as to every defense or exclusion plead by Defendant, as to each claim for breach of contract or statutory violation as to Defendants.

In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

- The clear and unambiguous language of the policy provides coverage for damage to the Property caused by wind, hail and water damage and damages resulting therefrom;

- In the alternative, any other construction of the language of the policy is void as against public policy;

- Any other construction and its use by the Defendant, violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

- Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

- In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policy mandate the construction and interpretation urged by Plaintiff;

- In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

- In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

### XVII. JURY DEMAND:

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury. Plaintiff tenders the appropriate jury fee with the filing of this Original Petition.

### XVIII. REQUEST FOR DISCLOSURE:

Pursuant to Texas Rule of Civil Procedure 194.2 Plaintiff requests that you Defendant, ALLIED, and Defendant, ROTEN, disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

### PRAYER

**WHEREFORE**, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the building, pumps & canopy (Building), less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against Defendant, ALLIED, for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D. Penalty in the amount of 18% damages plus attorney fees for violations of the Prompt Payment Act;

E. Damages against Defendant, ALLIED, for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, pre- and post-judgment interest, other litigation expenses and costs of court and reasonable and necessary attorneys' fees;

F. Damages against Defendant, ALLIED, for violations of the Texas DTPA;

G. Damages against Defendant, ALLIED, for breach of common law duty of good faith and fair dealing, including actual damages, pre- and post-judgment interest, exemplary damages, other litigation expenses, and costs of court;

H. Damages against Defendant, ROTEN, for Negligence;

I. Plaintiff also seeks all other relief and rulings to which it may be legally or equitably entitled to.

Respectfully submitted,

LAW OFFICE OF F. BLAKE DIETZMANN


By: _____
F. Blake Dietzmann
State Bar No. 00795321
Rick Gonzales
State Bar No. 24045955
2317 N. Main
San Antonio, Texas 78212
PH: (210) 732-9900
F: (210) 732-9919
**ATTORNEYS FOR PLAINTIFF**

BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

RETURN SERVICE REQUESTED



7015 1660 0000 4382 6807

11/22/2016

ALLIED PROPERTY AND CASUALTY INSURANCE COM
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN, TX  78701-3218

2016CI20128  11/21/2016  CITCM  DEBRA CANTU