UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WMS, LLC,<br>*Plaintiff,*<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and ROBERT ROTEN d/b/a ROTEN & COMPANY INSURANCE,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:17-CV-00078-DAE |

**DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR REMAND**

Defendant Allied Property and Casualty Insurance Company ("Allied") files this Response to Plaintiff's Opposed Motion for Remand, and would respectfully show the Court as follows:

## I. INTRODUCTION

1. This lawsuit arises out of an insurance claim for hail damage to a commercial property owned by Plaintiff WMS, LLC ("WMS"). Allied timely removed the matter to this Court based on 28 U.S.C. § 1332, asserting that Defendant Robert Roten d/b/a Roten & Company Insurance ("Roten"), the sole non-diverse defendant, had been improperly joined such that his citizenship should be disregarded and the claims against him dismissed.[1] Accordingly, this matter is properly before this Court and should not be remanded to state court.

## II. BACKGROUND

2. WMS is a Texas limited liability company that owns the commercial property at issue in this case, located at 5203 Eisenhauer Road, San Antonio, Texas 78218-3864 ("Property").[2] Allied insured the Property under Premier Businessowners Policy No. ACP BPRC7273372434 ("Policy"),

[1] *See* Rec. Doc. 1, Notice of Removal.

[2] *See* Rec. Doc. 1-1, Plaintiff's Original Petition at p. 1.

which was issued to WMS and generally covered the building located on the Property.[3] WMS procured the Policy in 2008 through its agent, Roten.[4]

3. On or about February 7, 2011, WMS leased the convenience store and gas pumps located on the Property to Eisenhauer Retail, Inc. ("Eisenhauer") for a term of twenty years.[5] Eisenhauer obtained insurance under its own policy with Allied that specifically covered the gas pump canopy on the Property.[6]

4. On or about April 12, 2016, the Property was damaged by wind and hail ("Loss").[7] Thereafter, both WMS and Eisenhauer filed insurance claims under their respective policies with Allied for damages to the Property caused by the storm.[8] Allied paid to repair the damage to the gas pump canopy under Eisenhauer's policy of insurance.[9] When WMS and Allied were unable to agree on the amount of loss for WMS's claim, WMS invoked the appraisal provision of the Policy.[10] In October 2016, the umpire issued the appraisal award, which included the gas pump canopy covered under Eisenhauer's policy.[11] Allied paid the appraisal award after deducting for prior payments issued to WMS and the amount of the award related to damage to the gas pump canopy because the Policy did not cover the canopy.[12]

---

3 *Id.* at pp. 2-3.

4 *Id.* at p. 3.

5 *Id.*

6 *Id.* at p. 4.

7 *Id.*

8 *Id.*

9 *Id.*

10 *Id.*

11 *Id.*

12 *Id.*

5. On November 18, 2016, WMS initiated the present action by filing its Original Petition in Cause Number 2016CI20128, in the 225th Judicial District Court of Bexar County.[13] In the petition, WMS alleged causes of action against Allied for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.[14] WMS also alleged a single cause of action for negligence against Roten related to his procurement of the Policy.[15] Plaintiff pled that it was seeking monetary relief "over $200,000 but not more than $1,000,000."[16]

6. On February 2, 2017, Allied timely removed the matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a), asserting that Roten was improperly joined on the grounds that Plaintiff's claim against Roten is not plausible because it is barred by statute of limitations. Accordingly, Roten's citizenship should be disregarded and the claim against Roten should be dismissed. Because there is complete diversity of citizenship between the properly joined parties, and because the amount in controversy exceeds $75,000 exclusive of interest and costs, Plaintiff's Opposed Motion for Remand should be denied.

## III. ARGUMENT AND ANALYSIS

### A. Allied's removal was timely under 28 U.S.C. § 1446(b)(3).

7. Generally, a notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.[17] However, when the "case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

---

13 *See id.*

14 *Id.*

15 *Id.*

16 *Id.* at p. 1.

17 *See* 28 U.S.C. § 1446(b)(1).

otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[18]

8. In its Motion for Remand, Plaintiff has cited to a footnote in a case from the Eleventh Circuit for the proposition that the "other paper" referred to in 28 U.S.C. § 1446(b)(3) "must have been received from the plaintiff (or from the court, if the document is an order)."[19] Therefore, Plaintiff argues, Allied's removal was not timely because it was based on receipt of "other paper" from a party other than Plaintiff – Defendant Roten's Original Answer asserting the affirmative defense of statute of limitations.[20]

9. Plaintiff's interpretation of § 1446(b)(3) is inconsistent with the language of the Rule, which requires service of "other paper" and includes no requirement that the other paper be served by Plaintiff.[21] In fact, the Fifth Circuit and other U.S. District Courts in Texas courts applying that rule have consistently held that a co-defendant's answer or affidavit constitutes other paper sufficient to trigger the thirty-day period for removal in cases involving improper or fraudulent joinder.[22]

10. Moreover, in *Soin v. JPMorgan Chase Bank*, the Court found that removal based on improper joinder was premature in a case in which the co-defendant had not yet asserted the affirmative defense of limitations, which was the basis of the removing party's improper joinder of

---

18 *See* 28 U.S.C. § 1446(b)(3).

19 *See* Rec. Doc. 5, Plaintiff's Opposed Motion for Remand at p. 9 (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 n.63 (11th Cir. 2007)).

20 *Id.*

21 *See* 28 U.S.C. § 1446(b)(3).

22 *See Jernigan v. Ashland* Oil, 989 F.2d 812, 815 (5th Cir. 1993) (holding that "[t]he thirty days is measured from receipt of whatever writing – in this case Dilled Crossing's answer – constitutes first notice"); *Perio v. Titan Maritime, LLC*, Civ. No. H-13-1754, 2013 WL 5563711, at *4 (S.D. Tex. Oct. 8, 2013) (holding the thirty-day period for removal was triggered upon the filing of a co-defendant's answer asserting its immunity); *Reynero v. Tex. Roadhouse, Inc.*, No. 5:14-cv-4, 2014 WL 1569413, at *3-4 (S.D. Tex. April 9, 2014); *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 677 (E.D. Tex. 1999); *See, e.g., Insinga v. LaBella,* 845 F.2d 249, 254 (11th Cir. 1988) (noting that "[f]raudulent joinder is a well-established exception to the voluntary-involuntary rule").

non-diverse defendant argument.[23] The Court in that case even specifically noted that though a case may not be removable based on the initial pleading, "a notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of an order or other paper from which it becomes apparent that the case has become removable. Consequently, it may be that removal of this case was merely premature."[24] As in *Soin*, this case was not removable until Roten pled the affirmative defense of statute of limitations, as without pleading such, there remained the possibility that Roten may waive the defense and allow Plaintiff to prevail on its state-law claims against Roten.[25] Accordingly, the thirty-day removal timeline did not start until service of Roten's answer, which was served on January 20, 2017.[26] Allied timely removed the case on February 2, 2017, well within thirty days of the receipt of other paper from which it was ascertained that the matter was removable.[27]

**B. Defendant Roten has been improperly joined, and there is complete diversity of citizenship between the properly joined parties.**

*(1) Applicable law on improper joinder.*

11. A defendant is improperly joined if the moving party establishes: (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[28] Because Roten is non-diverse, only the latter option is relevant in this matter.

12. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse

---

23 *Soin v. JPMorgan Chase Bank*, No. H-12-2766, 2012 WL 6018746, at *2 (S.D. Tex. Nov. 29, 2012).

24 *Id.* (citing 28 U.S.C. § 1446(b)(3)).

25 *Id.*

26 *See* Rec. Doc. 1-2, Defendant Roten's Original Answer, Affirmative Defenses, and Request for Disclosure to Plaintiff.

27 *See* Rec. Doc. 1, Notice of Removal.

28 *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F. 3d 193, 208 (5th Cir. 2016).

defendant.[29] If the assertion of improper joinder is based on the existence of an affirmative defense, such as a statute of limitations, and the defendant establishes the existence of an affirmative defense to plaintiff's state law claims, "it necessarily follows that joinder was fraudulent, and the district court properly exercise[s] its removal jurisdiction."[30]

13. The Fifth Circuit held that courts may choose one of two analyses to determine whether a defendant has been improperly joined for purposes of remand – a Rule 12(b)(6)-type analysis or piercing the pleadings and conducting a summary inquiry.[31] In *International Energy Ventures*, the Fifth Circuit clarified that the court "must use one and only one [of the aforementioned analyses], not neither or both."[32] The summary inquiry analysis is appropriate only in a few cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder" and that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[33] The other option is to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[34] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claim.[35]

---

29 *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.2d 568, 573 (5th Cir. 2004)).

30 *See Sid Richardson Carbon &Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 476, 753 (5th Cir. 1996); *see also Parkway Imagining Ctr., Inc. v. Home Life Fin. Assurance Corp.*, 198 F.3d 240, 2012 WL 824441, at *6 (5th Cir. Sept. 27, 1999); *Soin*, 2012 WL 6018746, at *2.

31 *Int'l Energy Ventures*, 818 F.3d at 206-07; *Smallwood*, 385 F.2d at 573-74.

32 *Id.*

33 *Smallwood*, 385 F.2d at 573-74.

34 *Int'l Energy Ventures*, 818 F.3d at 200 (citing *Smallwood*, 385 F.2d at 573).

35 *Id.* at 200-08.

*(2) Plaintiff's evidence attached to its Motion for Remand should be disregarded as a summary inquiry analysis is inappropriate in this case.*

14. Plaintiff has attached several documents to its Motion to Remand to show that its claims against Roten are plausible. As outlined above, the summary inquiry analysis is appropriate only "to identify the presence of discrete and undisputed facts that would *preclude* plaintiff's recovery against the in-state defendant."[36] In this case, Plaintiff has not misstated or omitted discrete facts such that a summary inquiry would be warranted, and Plaintiff is attempting to show that it has properly joined Roten, not to *preclude* recovery against Roten as that type of analysis is intended to be used. Accordingly, the Rule 12(b)(6)-type analysis is the appropriate analysis to determine the improper joinder issue in this case, and the summary judgment evidence attached to Plaintiff's Opposed Motion for Remand should be disregarded.

15. However, even if the evidence attached to Plaintiff's Motion is not disregarded, it actually bolsters the statute of limitations defense for Roten. Plaintiff's Exhibit F is a copy of an email exchange between Plaintiff and Roten in which Roten affirmatively states that the Policy, which was issued in 2008, never covered the gas pump canopy.[37] Accordingly, Plaintiff has been on notice of the lack of coverage for the canopies since the Policy issued in 2008, and Plaintiff's lawsuit was not filed until well after the statute of limitations passed, as further explained below. Accordingly, Plaintiff's evidence, though not properly before the Court, bolsters the argument that Plaintiff has no plausible right to recovery against Roten and thus its claims against him have been improperly joined such that his diversity should be disregarded and the claims against him dismissed.

---

[36] *Smallwood*, 385 F.2d at 573-74 (emphasis added).

[37] *See* Rec. Doc. 5, Plaintiff's Opposed Motion for Remand at Exhibit F.

*(3) Plaintiff has no plausible right to recovery against Roten because its claim against him is barred by statute of limitations.*

16. Plaintiff's claim against Roten is not plausible because its claim is barred by the affirmative defense of statute of limitations, which Roten has pled.[38] Plaintiff alleged a single cause of action against Roten – negligence in procuring Plaintiff's policy with Allied.[39] Claims for negligent procurement are subject to a two-year statute of limitations.[40] A cause of action based on negligent procurement accrues when the policy is issued.[41] This is because an insured has a duty to read the policy and is charged with knowledge of the policy's terms and conditions.[42] Thus, when the insured receives the written policy, he has sufficient facts in his possession to seek a legal remedy based on alleged misrepresentation.[43]

17. The discovery rule does not apply to claims of negligent procurement because the nature of the injury is not inherently undiscoverable.[44] An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite the claimant's due diligence.[45] Here, the injury was not inherently undiscoverable because Plaintiff could have easily discovered its injury by reading the Policy.[46]

---

38 *See* Rec. Doc. 1-2, Defendant Roten's Original Answer at ¶ 8.

39 *See* Rec. Doc. 1-1, Plaintiff's Original Petition at pp. 12-13.

40 *See* Tex. Civ. Prac. & Rem. Code § 16.003; *see also Mauskar v. Hardgrove*, No. 14-02-00756-CV, 2003 WL 21403464, at *3 (Tex. App. – Houston [14th Dist.] June 19, 2013, no pet.).

41 *See Rangel v. Progressive Cty. Mut. Ins. Co.*, 333 S.W.3d 265, 269 (Tex. App. – El Paso 2010); *see also Mauskar*, 2003 WL 21403464, at *3; *Steadfast Ins. Co. v. SMX98, Inc.*, No. H-06-2736, 2009 WL 890398, at *16 (S.D. Tex. Mar. 30, 2009); *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 748 (W.D. Tex. 2015).

42 *See Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App. – El Paso 1999, no pet.); *Amarco Petroleum, Inc. v. Tex. Pac. Indem. Co.*, 889 S.W.2d 695, 699 (Tex. App. – Houston [14th Dist.] 1994, writ denied).

43 *See Steadfast Ins. Co.*, 2009 WL 890398, at *16; *Mauskar*, 2003 WL 21403464, at *3.

44 *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).

45 *See S. V. v. R. V.*, 933 S.W.2d 1, 7 (Tex. 1996).

46 *Mauskar*, 2003 WL 21403464, at *4; *see also Sabine Towing & Transp. Co., Inc. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 62-63 (Tex. App. – Texarkana 2001) (holding the insured's failure to discover its lack of coverage did not save its claims from being barred by limitations).

18. In its Original Petition and Motion for Remand, Plaintiff alleges that Roten first procured the Policy in 2008.[47] Moreover, Plaintiff alleges that Roten misrepresented the coverage to Plaintiff's lienholder on April 11, 2014.[48] Therefore, Plaintiff's cause of action against Roten, at the very latest, accrued on or about April 11, 2014, which was more than two years prior to Plaintiff filing the instant suit on November 18, 2016.

19. In its Motion for Remand, Plaintiff attempted to demonstrate that its cause of action accrued on or about October 19, 2016, based on an email sent from Roten to Plaintiff in which Roten advises that the Policy had not covered the gas pump canopy since it was procured in 2008.[49] This later email had no effect on coverage and came well after the injury for which Plaintiff has brought suit against Roten. Plaintiff's claims are that Roten negligently procured coverage (which occurred in 2008) and that he misrepresented the coverage by a document submitted to Plaintiff's lienholder in 2014. Thus, the injury forming the basis of Plaintiff's claim occurred in 2008 and/or 2014, not by the email dated 2016. Accordingly, Plaintiff has no plausible right to relief against Roten because its claims are barred by the two-year statute of limitations.

### C. Plaintiff's request for fees should be denied because Allied had objectively reasonable grounds to believe that removal was proper.

20. The Fifth Circuit has made it clear that an award of fees and expenses is not automatic and should be made when the district court concludes that the removing party had "objectively reasonable grounds to believe the removal was legally proper." [50] Here, Allied had

---

[47] *See* Rec. Doc. 1-1, Plaintiff's Original Petition at p. 12; Rec. Doc. 5, Plaintiff's Opposed Motion for Remand at ¶ 36.

[48] *See* Rec. Doc. 1-1, Plaintiff's Original Petition at p. 3; Rec. Doc. 5, Opposed Motion for Remand at ¶ 36.

[49] *See* Rec. Doc. 5, Plaintiff's Opposed Motion for Remand at ¶¶ 38-40. Plaintiff also argues that the check issued to Eisenhauer to pay for damage to the gas pump canopy under Eisenhauer's policy with Allied supports Plaintiff's claims against Roten, though the existence of another policy has no effect on what Plaintiff's policy said or did not say.

[50] *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.).

objectively reasonable grounds to believe that removal was proper based on the theory of improper joinder as set forth above. Accordingly, the Court should deny Plaintiff's request for fees in this case.

## IV. CONCLUSION

21. Plaintiff has attempted to improperly join claims against a non-diverse defendant, Roten, that are barred by the statute of limitations. Since the claims against Roten, the sole non-diverse defendant, are barred by the statute of limitations, Plaintiff has no plausible right to relief against Roten. Thus, Roten's citizenship should be disregarded for purposes of diversity jurisdiction and the claim against Roten should be dismissed. As the amount in controversy indisputably exceeds $75,000, and as there is complete diversity of citizenship between the properly joined parties, this Court should retain jurisdiction over the matter and deny Plaintiff's Motion for Remand.

WHEREFORE, PREMISES CONSIDERED, Defendant Allied Property and Casualty Insurance Company respectfully prays that the Court deny Plaintiff's Opposed Motion for Remand and dismiss the claims against Defendant Robert Roten d/b/a Roten & Company Insurance. Allied further prays for all such other and further relief to which it may be justly entitled.

*(Signature on following page.)*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via CM/ECF upon the following counsel of record on this 10th day of March, 2017:

F. Blake Dietzmann
Rick Gonzales
Law Office of F. Blake Dietzmann
2317 N. Main
San Antonio, Texas 78212

**ATTORNEYS FOR PLAINTIFF**

Thomas A. Culpepper
Stephen C. Richman
Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832

**ATTORNEY FOR DEFENDANT ROTEN**

*/s/ Patrick M. Kemp*
Patrick M. Kemp